**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF GEORGIA SAVANNAH DIVISION**

DR. LAVERNE HALLIBURTON, )
)
    Plaintiff, )
)
v. ) CASE NO. CV414-179
)
LIBERTY COUNTY SCHOOL DISTRICT; )
DR. JUDY SCHERER, individually )
and in her official capacity as )
Superintendent of the Liberty )
County School District; LILY H. )
BAKER, individually and in her )
official capacity as a Board )
Member of the Liberty County )
School District; MARCIA )
ANDERSON, individually and in )
her official capacity as a )
Board Member of the Liberty )
County School District; BECKY )
CARTER, individually and in her )
official capacity as a Board )
Member of the Liberty County )
School District; CHARLIE J. )
FRASIER, individually and in )
his official capacity as a )
Board Member of the Liberty )
County School District; CAROL )
GUYETT, individually and in her )
official capacity as a Board )
Member of the Liberty County )
School District; VERDELL JONES, )
individually and in his )
official capacity as a Board )
Member of the Liberty County )
School District; and HAROLD )
WOODS, individually and in his )
official capacity as a Board )
Member of the Liberty County )
School District; )
)
    Defendants. )
)



**O R D E R**

Before the Court is Plaintiff's Motion for Remand. (Doc. 14.) For the following reasons, Plaintiffs' motion is **DENIED**.

**BACKGROUND**

This case stems from the Superintendent of Defendant Liberty County School District's ("Defendant District") decision not to recommend renewal of Plaintiff's contract as principal. (Doc. 15 ¶ 2.) Plaintiff initially filed suit in the Superior Court of Liberty County alleging various state law claims. (Id. ¶¶ 1, 4.) In a one-sentence order, the Superior Court denied Defendants' Motion to Dismiss. (Id. ¶ 5.) However, the Georgia Court of Appeals reversed that decision in part and dismissed the claims against Defendant District and the individual Defendants, in their official capacities. (Id. ¶ 7.)

In response, Plaintiff filed an amended complaint in Superior Court. (Id. ¶ 9.) The amended complaint alleged the same claims, including those previously dismissed, and added claims based on 42 U.S.C. § 1981 and 42 U.S.C. § 1983. (Doc. 82, Attach. 2; id., Attach. 24.) Based on the inclusion of these federal claims, Defendants invoked this Court's federal question jurisdiction and removed the case to this Court. (Doc. 1.) The Notice of Removal, signed by

counsel for all Defendants, states that the notice is being filed on behalf of all Defendants in this case. (Id. at 1-2.)

In her Motion to Remand, Plaintiff raised two arguments in support of remand. First, Plaintiff contends that Defendants failed to file individual written notices of their consent to removal. (Doc. 14, Attach. 1 at 2.) According to Plaintiff, the lack of individual consent in the record fails to establish the unanimous consent of all Defendants that is required for removal to this Court. (Id.) Second, Plaintiff maintains that the record is insufficient to establish that a majority of Defendant District's School Board voted in favor of removal. (Id.) According to Plaintiff, majority approval by the board is required for Defendant District's consent to be effective. (Id. at 2-3.)

In their response, Defendants argue that the signature of counsel for all Defendants stating their desire for removal is sufficient to satisfy the unanimity requirement. (Doc. 15 at 5-7.) In addition, Defendants contend that a majority vote of Defendant District's School Board is not required for counsel to consent to removal on Defendant District's behalf. (Id. at 7.)

3

## DISCUSSION

Federal courts are courts of limited jurisdiction: they may only hear cases that they have been authorized to hear by the Constitution or Congress. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994). For cases first filed in state court, a defendant may remove the matter to federal court only if the original case could have been brought in federal court. 28 U.S.C. § 1441(a). Conversely, if no basis for subject matter jurisdiction exists, a party may move to remand the case back to state court. See 28 U.S.C. § 1447(c). When a case originally filed in state court is removed by the defendant, the defendant has the burden of proving that federal subject matter jurisdiction exists. Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). All doubts about federal jurisdiction should be resolved in favor of a remand to state court. Burns v. Windsor Ins. Co., 21 F.3d 1092, 1095 (11th Cir. 1994).

Little discussion is required in this case because Defendants' position is correct. In Cook v. Randolph Cty., Ga., 573 F.3d 1143 (11th Cir. 2009), the Eleventh Circuit Court of Appeals faced almost the same exact factual scenario presented by this case: a group of defendants represented by the same counsel filed a single Notice of

4

Removal stating that "[a]ll defendants, by counsel, hereby file a Notice of Removal." Id. at 1150 (internal quotations omitted). The Eleventh Circuit noted that there is no requirement that every defendant in a case actually sign a Notice of Removal to establish unanimous consent. Id. Absent some basis for believing that an individual defendant did not want the case removed, a representation by counsel for all the defendants that they consented to removal was sufficient. Id. at 1150-51.

There is little difference in this case. Defendants are all represented by the same counsel. The Notice of Removal is signed by counsel and states that all Defendants "by and through undersigned counsel, hereby file this Notice of Removal." (Doc. 1 at 1-2.) Therefore, the Notice of Removal establishes that all Defendants consented to the removal of this case.

Plaintiff's argument concerning the requirement that a majority of Defendant District's School Board vote to consent to removal is unavailing. As an initial matter, the decision to remove a case to the federal forum is a strategic choice that rests within the discretion of counsel. Second, Plaintiff has failed to point to any statute or legal opinion that requires Defendant District's

School Board to vote as a body on litigation decisions. For these reasons, remand is not appropriate in this case.[1]

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Remand is **DENIED**.

SO ORDERED this 30th day of September 2015.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] Perhaps recognizing the lack of merit in her original motion, Plaintiff's reply argues that this Court should decline jurisdiction because state law concerns predominate this case. (Doc. 17 ¶ 3.) The Court will not address arguments raised for the first time in a reply to a response to a motion. See Herring v. Sec'y Dep't of Corr., 397 F.3d 1338, 1342 (11th Cir. 2005) (quoting United States v. Coy, 19 F.3d 629, 632 n.7 (11th Cir. 1994)).