IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| DR. LAVERNE HALLIBURTON, ) ) Plaintiff, ) ) v. ) ) LIBERTY COUNTY SCHOOL DISTRICT; ) DR. JUDY SCHERER, individually ) and in her official capacity as ) Superintendent of the Liberty ) County School District; LILY H. ) BAKER, individually and in her ) official capacity as a Board ) Member of the Liberty County ) School District; MARCIA ) ANDERSON, individually and in ) her official capacity as a ) Board Member of the Liberty ) County School District; BECKY ) CARTER, individually and in her ) official capacity as a Board ) Member of the Liberty County ) School District; CHARLIE J. ) FRASIER, individually and in ) his official capacity as a ) Board Member of the Liberty ) County School District; CAROL ) GUYETT, individually and in her ) official capacity as a Board ) Member of the Liberty County ) School District; VERDELL JONES, ) individually and in his ) official capacity as a Board ) Member of the Liberty County ) School District; and HAROLD ) WOODS, individually and in his ) official capacity as a Board ) Member of the Liberty County ) School District; ) ) Defendants. ) ) | CASE NO. CV414-179  |

# O R D E R

Before the Court is Defendants' Motion to Dismiss. (Doc. 4.) For the following reasons, Defendants' motion is **DENIED**. However, Plaintiff's amended complaint is **DISMISSED**. Plaintiff is **DIRECTED** to file an amended complaint within twenty-one days of the date of this order.

## BACKGROUND

This case stems from the Superintendent of Defendant Liberty County School District's ("Defendant District") decision not to recommend renewal of Plaintiff's contract as principal. Plaintiff initially filed suit in the Superior Court of Liberty County alleging various state law claims. (Doc. 1, Attach. 26.) In a one-sentence order, the Superior Court denied Defendants' Motion to Dismiss. (Id., Attach 29.) However, the Georgia Court of Appeals reversed that decision in part and dismissed the claims against Defendant District and the individual Defendants, in their official capacities. (Id., Attach. 46.)

In response, Plaintiff filed an amended[1] complaint in Superior Court. (Id., Attach. 48.) The amended complaint

---

[1] In this regard, the Court believes that calling it an amended complaint is exceedingly generous. Plaintiff's purported amended complaint simply incorporates by reference the entirety of the previous complaint, but splices in numerous additional paragraphs. In this Court's opinion, amending a complaint by incorporating the entirety

2

alleged the same claims, including those previously dismissed, and added claims based on 42 U.S.C. § 1981 and 42 U.S.C. § 1983. (Id. ¶¶ 4-7 (including both paragraphs number 6).) Based on the inclusion of these federal claims, Defendants invoked this Court's federal question jurisdiction and removed the case to this Court. (Doc. 1.) Plaintiff sought to remand this case on the basis that not all Defendants consented to removal. (Doc. 14.) This Court denied Plaintiff's Motion to Remand. (Doc. 21.)

In their Motion to Dismiss, Defendants argue that Plaintiff is precluded from raising again those claims previously dismissed by the Superior Court and affirmed by the Georgia Court of Appeals. (Doc. 4 at 4-6.) Similarly, Defendants maintain that Plaintiff is precluded from raising the additional federal claims because she failed to raise them in the prior proceeding. (Id.) Finally, Defendants contend that Plaintiff's federal claims are barred by the applicable statute of limitations. (Id. at 6-8.)

---

of a previous, mostly dismissed, complaint has to be the worst possible practice. In today's brave new world, simply cutting and pasting portions of the previous complaint, along with adding the amendment, just does not take that much time. A lawyer's failure to take pride in his finished product does little more than suggest to the reader a real lack of conviction in the merits of his case.

3

In response, Plaintiff advances a confusing argument that appears to reason that the Georgia Court of Appeals' decision was not a final order because it did not dispose of all her claims. (Doc. 16 at 3-6.) Therefore, Plaintiff believes that she was free to replead the dismissed claims and add completely new federal claims. (Id. at 5.) In addition, Plaintiff contends that her federal claims are timely because they relate back to her original complaint, which was filed within the statute of limitations. (Id. at 6-8.)

**ANALYSIS**

I. <u>STANDARD OF REVIEW</u>

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.' " <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked

4

assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557) (alteration in original).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). For a claim to have facial plausibility, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1261 (11th Cir. 2009) (quotations omitted) (quoting Iqbal, 556 U.S. at 678). Plausibility does not require probability, "but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Additionally, a complaint is sufficient only if it gives "fair notice of what the . . . claim is and the grounds upon which it rests." Sinaltrainal, 578 F.3d at 1268 (quotations omitted) (quoting Twombly, 550 U.S. at 555).

When the Court considers a motion to dismiss, it accepts the well-pleaded facts in the complaint as true. Sinaltrainal, 578 F.3d 1252 at 1260. However, this Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678. Moreover, "unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of [plaintiff's] allegations." Sinaltrainal, 578 F.3d at 1268 (citing Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005)). That is, "[t]he rule 'does not impose a probability requirement at the pleading stage,' but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295-96 (11th Cir. 2007) (quoting Twombly, 550 U.S. at 545).

## II. DEFENDANT'S MOTION TO DISMISS

As an initial matter, the Court notes that the briefing in this case may very well be the absolute worst and useless this Court has ever had the misfortune to encounter. Neither parties' legal arguments, to the extent they can actually be deciphered, are anything near correct. Basically, the parties simply dumped some facts, along with some obfuscating case law, at the Court's feet and now

expect this Court to do all their legal research and legal analysis. Going forward, this Court expects much more effort out of both parties.

It is just not that difficult to conclude that claim preclusion is inapplicable in this case. Claim preclusion applies when a party seeks to bring claims that were raised or could have been raised in earlier litigation. Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999) (citing Citibank, N.A. v. Data Lease Fin. Corp., 904 F.2d 1498, 1501 (11th Cir. 1990)). According to the Eleventh Circuit Court of Appeals, a plaintiff is unable to raise claims where "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties . . . are identical in both suits; and (4) the same cause of action is involved in both cases." Id. (citing Citibank, 904 F.2d at 1501). "[I]f a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action," then the two cases are really the same. Ragsdale, 193 F.3d at 1239. However,

> claim preclusion operate[s] across a two-lawsuit continuum. First, parties litigate a dispute to a final judgment on the merits. Second, in a later, separate suit between the parties, one party brings to court evidence of an earlier judgment and contends that . . . claim preclusion should

7

apply to prevent her opponent from litigating a previously decided . . . cause of action.

Graham v. R.J. Reynolds Tobacco Co., 857 F.3d 1169, 1214 (11th Cir. 2017).

In this case, there has not been any previous dispute. The Georgia Court of Appeals reversed the Superior Court and dismissed Plaintiff's state law claims against Defendant District and the individual Defendants in their individual capacities. The Georgia Court of Appeals then remanded this case to Superior Court. While still in that same case, Plaintiff amended her complaint to add the federal claims, prompting Defendants to remove the case to this Court. Unless this Court is grossly mistaken, which is entirely possible based on the parties' poor briefing, this is still the same lawsuit that was originally filed in Superior Court. Because there has been no prior litigation, Defendant's Motion to Dismiss must be denied.

However, it is axiomatic that Plaintiff may not reallege claims that have been previously dismissed in this litigation. Shockingly, Plaintiff did exactly that when amending her complaint by incorporating the entirety of her previous complaint, a large portion of which had been dismissed. To be honest, the Court is stunned that it even has to address this issue, most likely brought about by a

complete lack of both effort and professionalism on Plaintiff's behalf. The law-of-the-case doctrine, which binds district courts to prior appellate rulings in the same case, has to be one of the most basic and easiest to understand legal principles. See, e.g., Alphamed, Inc. v. B. Braun Med., Inc., 367 F.3d 1280, 1285-85 (11th Cir. 2004) ("Under the law of the case doctrine, both district courts and appellate courts are generally bound by a prior appellate decision in the same case."); Hicks v. McGee, 289 Ga. 573, 577, 713 S.E.2d 841, 845 (2011) ("Under the 'law of the case' rule, any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court . . . ." (quoting Sec. Life Ins. Co. v. Clark, 273 Ga. 44, 46(1), 535 S.E.2d 234, 237 (2000))). Defendants' complete failure to even mention it as a theory for relief is simply inexplicable. Nevertheless, this Court must dismiss Plaintiff's state law claims against Defendant District and the individual Defendants in their official capacities based on the Georgia Court of Appeal's prior decision.

The problem now is that the Court is unsure where that leaves this case. A bulk of the original complaint, which is incorporated by reference into the amendment, has been dismissed. Rather that attempt to cobble together the

remains of Plaintiff's complaints, the best course of action is to dismiss the amended complaint in its entirety and start with an entirely new complaint.

Accordingly, Plaintiff shall have twenty-one days from the date of this order to file a second amended complaint. While one would think it unnecessary, the Court reminds Plaintiff that she may not reallege the same claims that were dismissed by the Georgia Court of Appeals. Also, Plaintiff should be aware that the Court will not accept any piecemeal amendment or an amended complaint that incorporates any allegation by reference. The amended complaint should be a stand-alone filing that contains all the necessary factual allegations. The same goes for all other filings in this case.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (Doc. 4) is **DENIED**. However, Plaintiff's amended complaint is **DISMISSED**. Plaintiff is **DIRECTED** to file an amended complaint within twenty-one days of the date of this order.

SO ORDERED this 29th day of March 2018.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

10