IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

U.S. DISTRICT COURT
SAVANNAH DIV.

2015 JUL 22 PH 2: 34

CLERK
____DIST. OF GA.

DR. LAVERNE HALLIBURTON,      )
                             )
        Plaintiff,            )
                             )
v.                           )      CASE NO. CV414-179
                             )
LIBERTY COUNTY SCHOOL DISTRICT; )
DR. JUDY SCHERER, individually; )
DR. FRANKLIN PERRY, individually )
and in his official capacity as )
Superintendent of the Liberty )
County School District; LILY H. )
BAKER, individually and in her )
official capacity as a Board )
Member of the Liberty County )
School District; MARCIA )
ANDERSON, individually and in )
her official capacity as a Board )
Member of the Liberty County )
School District; BECKY CARTER, )
individually and in her official )
capacity as a Board Member of )
the Liberty County School )
District; CHARLIE J. FRASIER, )
individually and in his official )
capacity as a Board Member of )
the Liberty County School )
District; CAROL GUYETT, )
individually and in her official )
capacity as a Board Member of )
the Liberty County School )
District; VERDELL JONES, )
individually and in his official )
capacity as a Board Member of )
the Liberty County School )
District; and HAROLD WOODS, )
individually and in his official )
capacity as a Board Member of )
the Liberty County School )
District; )
                             )
        Defendants.           )
_____ )

# O R D E R

Before the Court is Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint. (Doc. 29.) For the following reasons, Defendants' motion is **GRANTED IN PART** and **DENIED IN PART.**

## BACKGROUND

This case stems from the Superintendent of Defendant Liberty County School District's decision not to recommend renewal of Plaintiff's contract as principal. Plaintiff LaVerne Halliburton claims she faced racial discrimination in her workplace.[1] In July 2006, Plaintiff was hired as a principal by the Liberty County School District. (Doc. 28 at ¶ 14.) Plaintiff, while employed as a principal, received satisfactory evaluations and earned $108,000.00 a year plus fringe benefits. (Id. at ¶ 15.) Plaintiff alleges that during a meeting around March 2011, Defendant Dr. Judy Burton Scherer, the then Superintendent of the Liberty County School District, made a recommendation to the school board to not renew Plaintiff's employment contract. (Id. at 18.) The recommendation was not acted upon during the March 2011 meeting, but Defendant Scherer allegedly made a second recommendation to not renew Plaintiff's

---

[1] At this stage of the litigation, the Court must accept the allegations in Plaintiff's complaint as true and draw all reasonable inferences in her favor. See Chaparro v. Carnival Corp., 693 F.3d 1333, 1335 (11th Cir. 2012).

employment contract during a meeting on or about April 14, 2011. (Id.) The recommendation of Defendant Scherer was defeated by a four-to-three vote of the board members, with all four of the black board members voting against the recommendation and all three of the white board members voting to approve the recommendation. (Id.) Plaintiff alleges that after Defendant Scherer's recommendation was unsuccessful, Defendant Scherer "illegally and without legal authority attempted to unilaterally, and on her own accord, non-renew the contract of Plaintiff/Petitioner even though she did not have the legal authority under Georgia law to do so." (Id. at ¶ 19.)

Plaintiff contends that her termination was due to her complaints to Defendant Scherer about the job performance of her white assistant principal and that her non-renewal was directly related to Plaintiff's exercise of her First Amendment rights. (Id. at ¶ 20.) Plaintiff also states that Defendant Scherer allowed white employees to undermine her authority and position as principal. (Id. at ¶ 21.) After Plaintiff was terminated, her position was filled by a white person and Plaintiff's white assistant principal was transferred rather than terminated or non-renewed. (Id.)

Plaintiff initially filed suit in the superior court of Liberty County alleging various state law claims. (Doc. 1, Attach. 26.) In a one-sentence order, the Superior Court denied

Defendants' Motion to Dismiss. (Doc. 1, Attach. 29.) However, the Georgia Court of Appeals reversed that decision in part and dismissed the claims against Defendant Liberty County School District ("LCSD") and the individual Defendants, in their official capacities. (Doc. 1, Attach. 46.) In response, Plaintiff filed an amended complaint in superior court. (Doc. 1, Attach. 48.) The amended complaint alleged the same claims, including those previously dismissed, and added claims based on 42 U.S.C. § 1981 and 42 U.S.C. § 1983. (Id. at ¶¶ 4-7 (including both paragraphs number 6).)

Based on the inclusion of these federal claims, Defendants invoked this Court's federal question jurisdiction and removed the case to this Court. (Doc. 1.) Plaintiff sought to remand this case on the basis that not all Defendants consented to removal. (Doc. 14.) This Court denied Plaintiff's Motion to Remand. (Doc. 21.) Defendants filed a motion to dismiss the amended complaint (Doc. 4), which this Court denied. (Doc. 26.) Due to the exceedingly poor nature of the amended complaint, this Court dismissed Plaintiff's amended complaint and directed Plaintiff to file a new amended complaint. (Doc. 26 at 10.) Plaintiff filed her second amended complaint on April 19, 2018 (Doc. 28) and Defendants have now moved to dismiss the second amended complaint (Doc. 29).

In her second amended complaint, Plaintiff brings six counts against Defendants, four of which are state law claims and two of which are federal claims. (Doc. 28 at ¶ 2.) Plaintiff specified in paragraphs 6-13 that Defendants Scherer, Baker, Anderson, Carter, Frasier, Guyett, Jones, and Woods are being sued in their individual capacities for the state law claims and in their individual and official capacities for the federal law claims. (Id. at ¶¶ 6-13.)[2] First, in Count I, Plaintiff claims that Defendants' actions in stigmatizing Plaintiff during the non-renewal and/or termination process and foreclosing employment opportunities in other school systems violated her rights under the Constitution of the State of Georgia. (Id. at ¶¶ 23-24.) In Count II, Plaintiff claims that Defendants discriminated against her on the basis of race, in violation of the Constitution of the State of Georgia. (Id. at ¶¶ 25-26.) In Count III, Plaintiff alleges that Defendants tortuously interfered with her employment relationship in violation of Georgia law. (Id. at ¶¶ 27-28.) In Count IV, Plaintiff claims that Defendants violated her rights of freedom of speech,

---

[2] Plaintiff, however, makes no clarifying statement about Defendant LCSD, which leaves this Court again unsure of whether Plaintiff is attempting to assert state law claims against Defendant LCSD despite the claims being previously dismissed. This Court assumes that Plaintiff is not seeking to assert state law claims against Defendant LCSD and that Defendant LCSD remains a named defendant only with regards to the added federal law claims.

association, and affiliation under the Constitution of the State of Georgia by "taking action" against her "because of her political association and/or affiliation." (Id. at ¶ 30.) In Count V, Plaintiff claims Defendants discriminated and retaliated against her on the basis of race in violation of 42 U.S.C. § 1981. (Id. at 33.) Finally, in Count VI, Plaintiff brings 42 U.S.C. § 1983 claims based on violations of the equal protection clause of the Fourteenth Amendment, violations of her right to due process and "liberty interests," and violations of her First Amendment rights of freedom of speech and association. (Id. at ¶¶ 35-38.)

On May 3, 2018, Defendants filed a Motion to Dismiss. (Doc. 29.) In their motion, Defendants contend that Plaintiff's state law claims, Counts I, II, III, and IV, fail to state plausible claims. (Doc. 29 at 7.) In regards to Plaintiff's federal law claims, Defendants argue that both Count V and VI are barred by the two-year statute of limitations. (Id. at 11.)

In response, Plaintiff argues that her state law claims are properly before this Court because the Georgia Court of Appeals found that "there was sufficient evidence for claims based on racial discrimination to go forward" and additionally argues that she has demonstrated a prima facie case of racial discrimination. (Doc. 36 at 5, 7.) Plaintiff does not otherwise respond to Defendants' arguments that she has failed to state a

claim in her state law claims. In regards to her federal law claims, Plaintiff contends that her claims are timely as they relate back to her original complaint. (Id. at 8.)

**ANALYSIS**

I.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.' " Id. (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " Id. (quoting Twombly, 550 U.S. at 557) (alteration in original).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Id. (quoting Twombly, 550 U.S. at 570). For a claim to have facial plausibility, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1261 (11th Cir. 2009) (quotations omitted) (quoting Iqbal, 556 U.S. at 678). Plausibility does not require probability, "but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " Id. (quoting Twombly, 550 U.S. at 557). Additionally, a complaint is sufficient only if it gives "fair notice of what the . . . claim is and the grounds upon which it rests." Sinaltrainal, 578 F.3d at 1268 (quotations omitted) (quoting Twombly, 550 U.S. at 555).

When the Court considers a motion to dismiss, it accepts the well-pleaded facts in the complaint as true. Sinaltrainal, 578 F.3d 1252 at 1260. However, this Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678. Moreover, "unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of [plaintiff's] allegations." Sinaltrainal, 578 F.3d at 1268 (citing Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005)). That is, "[t]he rule 'does not impose a probability requirement at the pleading stage,' but instead simply calls for

enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295-96 (11th Cir. 2007) (quoting Twombly, 550 U.S. at 545).

## II. DEFENDANTS' MOTION TO DISMISS

### A. Plaintiff's State Law Claims (Counts I, II, III, IV)

In their Motion to Dismiss, Defendants contend that all of Plaintiff's state law claims against the individual board members should be dismissed because Plaintiff failed to allege any facts tying specific claims to individual defendants. (Doc. 29 at 8.) Defendants further contend that all of Plaintiff's state law claims should be dismissed because (1) Plaintiff's first count fails to state a claim, (2) Plaintiff's second count fails to state a claim because Plaintiff did not allege facts that she was not treated like similarly-situated individuals, (3) Plaintiff's third count is vague and fails to allege facts that renders the claim plausible under Iqbal, and (4) Plaintiff's fourth state law claim fails to state a claim. (Id. at 8-11.) Additionally, Defendants state in a footnote that Defendant Scherer cannot be party to this action because she has passed away. (Doc. 29 at 8.) Each of these arguments will be addressed in turn.

### 1. Failure to allege facts against specific Defendants

While Plaintiff claims that the individual board members violated her constitutional rights and tortuously interfered with her right to contract, Defendants contend that these claims must be dismissed because Plaintiff "does not point to one single act on the part of a Board Member, acting individually, which supports these claims." (Doc. 29 at 8.) Plaintiff has named as Defendants in this action the members of the Liberty County School District's board of education. Defendants Baker, Anderson, Carter, Frasier, Guyett, Jones, and Woods (the "Board Defendants") are listed in the second amended complaint alongside Defendant Scherer, however, Plaintiff includes sparse factual allegations regarding these defendants. (Doc. 28 at ¶ 5-13.)

When introducing each of the Defendants, Plaintiff specifically pled that Defendant Scherer (1) "participated in the process which lead [sic] to the unlawful termination of Plaintiff/Petitioner's employment," (2) "participated in the retaliation against Plaintiff for engaging in protected activity," and (3) "participated in and caused the racially disparate treatment of Plaintiff/Petitioner from similarly situated white employees." (Id. at ¶ 6.) However, Plaintiff does not include similarly specific factual allegations involving any

actions taken by each board member or even by the board of education as a whole. (Id.)

The paragraphs that do include factual allegations against Board Defendants are sparse and contradictory. Plaintiff states that her employment was "unlawfully terminated by Defendant Scherer and the other defendants," (Id. at ¶ 15), that she made a request to the Defendants for a hearing regarding the renewal of her contract (Id. at ¶ 22), and that "[t]he [D]efendants placed information regarding Plaintiff/Petitioner's employment in the public arena by placing information regarding Plaintiff/Petitioner in a newspaper during the non-renewal process" (Id. at ¶ 24). However, the actual act of terminating and/or non-renewing Plaintiff's employment contract has only been attributed to Defendant Scherer. Plaintiff claims it was Defendant Scherer who twice recommended non-renewal to the board of education (Doc. 28 at ¶ 18), that a majority of the board of education defeated Defendant Scherer's recommendation and instructed Defendant Scherer to "work with" Plaintiff (Id.), and, finally, that it was Defendant Scherer who "illegally and without legal authority attempted to unilaterally, and on her own accord, non-renew [Plaintiff's] contract" (Id. at ¶ 19). Other than a brief reference in Count VI, delineating the § 1983 claims, that Plaintiff's damages are "a direct and proximate result of LCSD's, Scherer, and the other [D]efendants'

knowledge, condonation, and ratification of the acts and/or omissions against Plaintiff," Plaintiff does not allege that the board of education ultimately terminated or chose not to renew Plaintiff's contract.[3] (Id. at ¶ 19.) Rather, Plaintiff alleges that a majority of the board of education rejected Defendant Scherer's recommendations to non-renew Plaintiff's employment contract and that, as a result, her contract was renewed by operation of law. (Doc. 28 at ¶¶ 18, 19.) Plaintiff has not alleged any facts that Board Defendants, either individually or acting collectively as the board of education, committed actions that violated Plaintiff's constitutional rights or even ratified Defendant Scherer's actions.

The Court finds that Plaintiff has failed to state a claim against Board Defendants on all counts. Accordingly, Defendants Baker, Anderson, Carter, Frasier, Guyett, Jones, and Woods are **DISMISSED WITH PREJUDICE.**

> 2. Count I: Due Process and Liberty Interests under the Georgia Constitution

In Count I, Plaintiff claims that Defendants' actions in stigmatizing her during the non-renewal process violated her liberty interest rights and due process rights under the Georgia Constitution. (Doc. 28 at ¶ 24.) Defendants argue that this

---

[3] Plaintiff does state that the board of education has the sole power to hire and fire an employee. (Doc. 28 at ¶ 17.) However, this is a legal conclusion, not an allegation of fact.

count must be dismissed because Plaintiff has failed to allege how Defendants stigmatized Plaintiff or foreclosed any of her other employment opportunities and failed to include any facts as to what communication any of the Defendants made to an outside party. (Doc. 29 at 9.)

Plaintiff does not state what provision of the Constitution of the State of Georgia affords her relief under Count I. The Court assumes she proceeds under article I, section 1, paragraph 1 of the Georgia Constitution which provides that "[n]o person shall be deprived of life, liberty, or property except by due process of law." In Georgia, a state constitutional liberty interest claim based on an injury to the plaintiff's reputation follows the following federal rule:

> [u]nder federal law, a plaintiff can recover for a deprivation of reputational liberty upon proof of the following elements: (1) a false statement (2) of a stigmatizing nature (3) attending a governmental employee's discharge (4) made public (5) by the governmental employer (6) without a meaningful opportunity for employee name clearing.

Brewer v. Schacht, 235 Ga. App. 313, 316, 509 S.E.2d 378, 382 (Ga. Ct. App. 1998). To prevail on such a claim, a plaintiff has to show "not only that the [employer] collected defamatory information in connection with his termination but that the [employer] publicized such information." Rogers v. Georgia Ports

Auth., 183 Ga. App. 325, 328, 358 S.E.2d 855, 858 (Ga. Ct. App. 1987).

In her complaint, Plaintiff alleges that Defendants "placed information regarding" her employment "in the public arena by placing information . . . in a newspaper during the non-renewal process." (Doc. 28 at ¶ 24.) While this Court takes well-pled facts as true at this stage of the litigation, Plaintiff did not allege any facts in her complaint that the information was false or even what the information was.[4] Additionally, the statements that she was "disparaged during the non-renewal process" and that Defendants' conduct "foreclosed employment opportunities" are conclusory statements that do not rise to the level of well-pled facts supporting her claim. Accordingly, Plaintiff has failed to state a claim in Count I of her second amended complaint and it must be **DISMISSED WITH PREJUDICE.**

The Court also notes that Plaintiff brings due process and liberty interest claims under the Constitution of the United States pursuant to § 1983 in Count VI. (Doc. 28 at ¶ 38.) These claims are based on the same facts as the state law claim and fail for the same reasons. A liberty interest claim pursuant to

---

[4] Under Count VI, Plaintiff does claim that "the statements were false and of a stigmatizing nature," (Doc. 28 at ¶ 28), however, this is the exact type of " 'formulaic recitation of the elements of a cause of action' " that is insufficient to survive a motion to dismiss. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555, 127 S. Ct. at 1959).

the Fourteenth Amendment also requires, among other things, an allegation that the statement was false. Canon v. Clark, 883 F. Supp. 718, 721 (S.D. Fla. 1995) (citing Buxton v. City of Plant City, 871 F.2d 1037, 1042-43 (11th Cir. 1989)). It is not the duty of this Court to research and provide the law to Plaintiff. Plaintiff's 42 U.S.C. § 1983 claims for violations of due process and liberty interest due to Defendants' stigmatizing actions are **DISMISSED WITH PREJUDICE.**

### 3. Count II: Race Discrimination and Equal Protection

In Count II, Plaintiff claims that she was discriminated against on the basis of her race and that Defendants treated her differently from similarly situated individuals all in violation of the Constitution of the State of Georgia. (Doc. 28 at ¶ 26.) Defendants claim that "there are no facts which can be reasonably construed" so as to push Plaintiff's Count II "over the Iqbal line between possibility and plausibility" and that Plaintiff did not plead facts that the non-renewal was due to Defendants' failure to treat her like similarly situated individuals. (Doc. 29 at 9.)

The Court disagrees with Defendants. From this Court's review of the second amended complaint, Plaintiff has pled enough facts to support her claim that she was discriminated against on the basis of her race. The Court does note, however, that Plaintiff fails to allege her race in her second amended

15

complaint. The Court assumes this was an oversight on Plaintiff's counsel's part. Plaintiff states in her response to Defendants' motion to dismiss that she has alleged a prima facie case because "she has established through her complaint that she is a black female . . . ." (Doc. 36 at 7.) However, this Court has reviewed the second amended complaint and cannot find anything that alleges Plaintiff's race. However, at this stage of the case, a plaintiff is not required to establish a prima facie case of discrimination. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 511, 122 S. Ct. 992, 997, 152 L. Ed. 2d 1 (2002). Further, the textual inferences from the second amended complaint put the Defendants on notice that Plaintiff is alleging that she is a member of a protected class and that she was discriminated against due to her race. (Doc. 28 at ¶ 18 (alleging that the recommendation by Defendant Scherer was defeated by the board of education four to three along racial lines), ¶ 21 (alleging that Defendant Scherer permitted white employees to undermine Plaintiff's authority as principal and that Plaintiff was replaced by a white person).)

Thus, despite Plaintiff's failure to explicitly plead her race, this Court will not dismiss Count II or Plaintiff's § 1981 and § 1983 racial discrimination and equal protection claims at this time. Accordingly, Defendants' Motion to Dismiss Count II is **DENIED**. However, as addressed above, Plaintiff fails to

recite sufficient facts as against the Board Defendants, either individually or acting as a collective, that survive this motion to dismiss. Accordingly, Defendants' Motion to Dismiss Count II in regards to the Board Defendants is **GRANTED** and the claims in Count II against the Board Defendants are **DISMISSED WITH PREJUDICE**.

### 4. Count III: Tortious Interference with Contract

Plaintiff asserts a claim alleging that Defendants interfered with Plaintiff's employment contract/relationship and that this interference constitutes tortious interference with Plaintiff's contract rights under Georgia law. (Doc. 28 at ¶ 28.) Defendant contends that Plaintiff's "vague and highly unspecific claims that Defendants' administrative and/or supervisory and other employees' actions" tortiously interfered with Plaintiff's contractual relationship does not provide facts that bring the claim "within the realm of the plausible." (Doc. 29 at 10.) The Court agrees, in part.

Plaintiff once again fails to cite to any statute or source of law under which she proceeds. Without knowing the basis for this count, the Court notes that, generally, the elements of a tortious interference claim under Georgia law are as follows:

> (1) improper action or wrongful conduct by the defendant without privilege; (2) the defendant acted purposely and with malice with the intent to injure; (3) the defendant induced a breach of a contractual obligation

> or caused a party or third party to
> discontinue or fail to enter into an
> anticipated business relationship with the
> plaintiff; and (4) the defendant's tortious
> conduct proximately caused damage to the
> plaintiff.

Rowell v. Phoebe Putney Mem'l Hosp., Inc., 338 Ga. App. 603,

604, 791 S.E.2d 183, 185 (Ga. Ct. App. 2016) (quoting Culpepper

v. Thompson, 254 Ga. App. 569, 571, 562 S.E.2d 837, 840 (Ga. Ct.

App. 2002)). Additionally, "malice" is interpreted liberally to

mean " 'any unauthorized interference, or any interference

without legal justification or excuse.' " Id. (quoting

Culpepper, 254 Ga. App. at 572, 562 S.E.2d at 840).

The Court finds that Plaintiff has stated a claim for

tortious interference as against Defendant Scherer. Plaintiff

alleges that Defendant Scherer recommended non-renewal of

Plaintiff's contract to the board of education due to her race

and as retaliation against Plaintiff for exercising her First

Amendment rights (Doc. 28 at ¶¶ 6, 20), that Defendant Scherer

acted unilaterally and without legal authority when she non-

renewed Plaintiff's employment contract (Id. at 19), that

Defendant Scherer acted without the permission of the board of

education (Id.), and that Plaintiff was non-renewed and/or

terminated from her position (Id. at ¶¶ 20-21).[5]

---

[5] Plaintiff alleges throughout the second amended complaint that
she was non-renewed and/or terminated from her position,
however, she also alleges that, because Defendant Scherer did

At this stage of the action, the Court finds these factual allegations sufficient to state a claim for tortious interference against Defendant Scherer, in her individual capacity. Accordingly, Defendants' Motion to Dismiss Count IV in regards to Defendant Scherer in her individual capacity is **DENIED**. However, as addressed above, Plaintiff fails to recite sufficient facts as against the Board Defendants, either individually or acting as a collective, that survive this motion to dismiss. Accordingly, Defendants' Motion to Dismiss Count III in regards to the Board Defendants is **GRANTED** and the claims in Count III against the Board Defendants are **DISMISSED WITH PREJUDICE**.

### 5. Count IV: Political Association and/or Affiliation

In Count IV of her second amended complaint, Plaintiff broadly alleges that the "actions of defendants in taking action against Plaintiff/Petitioner because of her political association and/or affiliation violates Plaintiff/Petitioner's constitutional rights of freedom of speech and association and affiliation rights under the Constitution of the State of

---

not have authority to non-renew her contract, her contract for the 2011-2012 year was renewed by operation of law (Doc. 28 at ¶ 19). Plaintiff fails to cite to any case law or statutory authority for this premise. Despite this inconsistency, it is clear from the whole of Plaintiff's second amended complaint that Plaintiff was terminated and/or not offered a contract for the 2011-2012 school year as a result of Defendant Scherer's actions.

Georgia." (Doc. 28 at ¶ 30.) Defendants argue that Count IV must be dismissed because Plaintiff has failed to state any facts that relate to Plaintiff's political association or affiliation and, further, fails to allege how her non-renewal violated Plaintiff's rights to freedom of speech and association. (Doc. 29 at 10.) The Court agrees.

Plaintiff once again fails to state what provision of the Georgia Constitution she proceeds pursuant to. Plaintiff did not state in her second amended complaint what her political association and/or affiliation is and further failed to allege any facts supporting her claim that Defendants terminated and/or choose to not renew Plaintiff's contract because of her political association and/or affiliation. Accordingly, Defendants' motion to dismiss as to Count IV of Plaintiff's second amended complaint is **GRANTED**. As a result, Count IV of Plaintiff's second amended complaint is **DISMISSED WITH PREJUDICE**. Additionally, because Plaintiff's 42 U.S.C. § 1983 claim for violation of Plaintiff's freedom of speech and/or association are based on the same facts as the state law claim, Plaintiff's § 1983 claims for violations of her First Amendment rights of freedom of speech and association are **DISMISSED WITH PREJUDICE**.

### 6. The substitution of Defendant Scherer

Plaintiff also notes in a footnote that Defendant Scherer cannot be party to this action because she has passed away. (Doc. 29 at 8.) Dr. Franklin Perry has been substituted for Defendant Scherer in both her individual capacity and her official capacity as Superintendent of Liberty County School District. (Doc. 38.) However, Defendant Perry must be dismissed from this action to the extent he is sued in his individual capacity.

"Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law" and an award of damages against an official in his personal capacity "can be executed only against the official's personal assets." Kentucky v. Graham, 473 U.S. 159, 165, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985). "Should the official die pending final resolution of a personal-capacity action, the plaintiff would have to pursue his action against the decedent's estate. In an official-capacity action in federal court, death or replacement of the named official will result in automatic substitution of the official's successor in office." Id., 473 U.S. at 166, n.11, 105 S. Ct. at 3105, n.11. Plaintiff has incorrectly substituted Defendant Perry in his individual capacity for the claims against Defendant Scherer in her

individual capacity. Accordingly, the claims against Defendant Perry in his individual capacity must be dismissed.

Under Federal Rule of Civil Procedure 25, this Court is permitted to dismiss a case if the motion for substitution is not made within 90 days after the date death is suggested upon the record. McGuinnes v. Novartis Pharm. Corp., 289 F.R.D. 360, 362 (M.D. Fla. 2013) (citing Escareno v. Carl Nolte Sohne GmbH & Co., 77 F.3d 407, 411 (11th Cir. 1996)). However, to trigger the 90-day period, "a party must formally suggest the death on the record" and "the party that filed the suggestion must serve nonparty successors or representatives of the decedent with the suggestion of death, consistent with Federal Rule of Civil Procedure 4." Id. (citing Hardy v. Potter, No. CV408-223, 2009 WL 765028, at *1 (S.D. Ga. Mar. 23, 2009)). In this case, counsel for Defendants filed a suggestion of death on April 2, 2018. (Doc. 27.) The Court notes that nothing in the record demonstrates that the nonparty successors or representatives of the decedent, Defendant Scherer, have been personally served with the suggestion of death. The certificate of service states that only Maurice Luther King, Jr. and John M. Brown, Esq. were served via the Electronic Court Filing process. (Doc. 27 at 2.)

Accordingly, because there is no evidence that the non-party successors or representatives of Defendant Scherer were served, the Court will not dismiss this case or Defendant

Scherer in her individual capacity at this time. The parties must take the proper steps pursuant to Federal Rule of Civil Procedure 25 to effectuate substitution. However, the Court advises the parties that it will not tolerate a lengthy delay in either the service of the suggestion of death or the filing of a motion for substitution. The parties are warned that failure to abide by this Court's order may result in dismissal of Defendant Scherer in her individual capacity.

B. Shotgun Pleading

Defendants also contend that Plaintiff's second amended complaint is a "shotgun" pleading. (Doc. 29 at 14.) There are various types of "shotgun pleadings," including (1) complaints "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint," (2) complaints "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," (3) complaints "that commit[] the sin of not separating into a different count each cause of action or claim for relief," and (4) complaints "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Weiland v. Palm Beach Cty. Sheriff's Office,

792 F.3d 1313, 1321-23 (11th Cir. 2015). The core of a shotgun pleading is the pleading's failure "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323.

Plaintiff's second amended complaint includes many of the classic shotgun pleading errors: it realleges and incorporates all preceding allegations in each count, it sets forth multiple causes of action under single counts, and it fails to identify which claims are brought against which defendant. Although Plaintiff's complaint does suffer from many of the classic shotgun pleading errors, because this Court has reached the merits of Defendants' Motion to Dismiss, the Court will not dismiss this action based on shotgun pleading grounds.

C. Plaintiff's Claims Pursuant to 42 U.S.C. § 1981 and 42 U.S.C. § 1983 (Counts V, VI)

In their Motion to Dismiss, Defendants contend that Plaintiff's 42 U.S.C. § 1981 and 42 U.S.C. § 1983 claims are barred by a two-year statute of limitations. (Doc. 29 at 11-13.) In response, Plaintiff claims that, under O.C.G.A. § 9-11-15, her 42 U.S.C. § 1981 and 42 U.S.C. § 1983 claims relate back to the date of the original pleading as "[t]he original complaint placed defendants on fair notice of the claims that are now being pressed by Plaintiff in this action." (Doc. 36 at 6.) Plaintiff further argues that the four year "catch all" statute

of limitations under 28 U.S.C. § 1658 applies to the § 1981 claims for retaliation and discriminatory conduct. (Id. at 9.)

Plaintiff states that she was hired on or about July 1, 2006 and that Defendant Scherer recommended, for the second time, to not renew Plaintiff's employment contract on or about April 14, 2011. (Doc. 1, Attach. 2 at 7, 8.) While Plaintiff does not allege the specific date that her contract was terminated and/or not renewed, it appears that it occurred sometime after April 14, 2011. (Id. at 9.) Plaintiff's original complaint was filed on or about September 26, 2011. (Doc. 36 at 6; Doc. 29 at 1.) Plaintiff first raised her 42 U.S.C. § 1981 and § 1983 claims in her first amended complaint, which was filed in the Superior Court of Liberty County on or about August 7, 2014. (Doc. 1, Attach. 24 at 1.) This action was removed to this Court on August 18, 2014. (Doc. 1.)

Both Plaintiff and Defendant agree that claims brought pursuant to 42 U.S.C. § 1983 are subject to a two-year statute of limitations. (Doc. 36 at 8; Doc. 29 at 13.) The applicable statute of limitations for a § 1983 claim arising in Georgia is two years. Presnell v. Paulding Cty., Ga., 454 F. App'x 763, 767 (11th Cir. 2011). With regards to Plaintiff's § 1981 claim, however, the parties disagree as to the applicable statute of limitations. Defendants contend that Plaintiff's § 1981 claims were "brought because she was not offered a new contract for

employment with the School District for the 2011-2012 school year" and that Plaintiff "does not claim that her 2010-2011 contract . . . was terminated or that those existing contractual rights were interfered with." (Doc. 29 at 12.) Thus, Defendants contend that the § 1981 claims are a "traditional 'make a contract' claim" that has been actionable before the 1991 Amendment to 42 U.S.C. § 1981 and, accordingly, the four-year statute of limitations does not apply. (Id.)

Any actions made possible by the Civil Rights Act of 1991, which amended § 1981, are subject to the four-year statute of limitations under 28 U.S.C. § 1658. Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 380-83, 124 S. Ct. 1836, 1844-46, 158 L. Ed. 2d 645 (2004). The Court, however, does not need to decide whether Plaintiff's § 1981 claims are subject to the two-year statute of limitations of O.C.G.A. § 9-3-33 or the four-year statute of limitations of 28 U.S.C. § 1658 because, even if the § 1981 claims are subject to the two-year statute of limitations, the Court finds that the amendment of Plaintiff's complaint to add the 42 U.S.C. § 1981 and § 1983 claims relates back to the original pleading.

The first amended complaint was filed in the Superior Court of Liberty County on or about August 7, 2014 and the action was removed to this Court on August 18, 2014. (Doc. 1.) Accordingly, the Court applies O.C.G.A. § 9-11-15(c) to determine whether

Plaintiff's 42 U.S.C. § 1981 and § 1983 claims relate back to her original pleading. Fed. R. Civ. P. 81 (c)(1) ("These rules apply to a civil action after it is removed from a state court."); Zorn v. McNeil, No. 6:16-CV-1-ORL-41TBS, 2016 WL 5476195, at *4 (M.D. Fla. Sept. 29, 2016). O.C.G.A. § 9-11-15(c) provides that "whenever the claim or defense asserted in the amended pleading arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

In regards to Plaintiff's § 1981 claims based on race discrimination and retaliation, Plaintiff's first amended complaint alleged the same facts present in her original complaint. Plaintiff's original complaint alleged that Defendants discriminated against her on the basis of her race in violation of the Constitution of the State of Georgia. (Doc. 1, Attach. 26 at 13.) In regards to Plaintiff's § 1983 claims, Plaintiff's original complaint alleged that: Defendants violated Plaintiff's due process rights and liberty interest rights under the Constitution of the State of Georgia by stigmatizing Plaintiff during the non-renewal process (Id. at 12), Defendants subjected her to racial discrimination and retaliation in violation of the Constitution of the State of Georgia (Id. at 13), Defendants violated her equal protection rights under

Constitution of the State of Georgia (Id.), and Defendants violated her constitutional rights of freedom of speech and association and affiliation under the Constitution of the State of Georgia (Id. at 14). Plaintiff alleged the same facts to support her state law claims and her federal law claims and, further, alleged the same claims under state law that she now seeks to bring pursuant to 42 U.S.C. § 1981 and 42 U.S.C. § 1983. These claims arise out of the same conduct, transactions, or occurrences set forth in the original pleading and this Court finds that the claims relate back to Plaintiff's original complaint. Accordingly, Plaintiff's 42 U.S.C. § 1981 and § 1983 claims are not barred by the statute of limitations and Defendants' motion is **DENIED**.

### CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (Doc. 29) is **GRANTED IN PART** and **DENIED IN PART**. In regards to Plaintiff's state law claims, Counts I and IV of Plaintiff's second amended complaint are **DISMISSED WITH PREJUDICE** in their entirety. Counts II and III are **DISMISSED WITH PREJUDICE** as against Defendants Baker, Anderson, Carter, Frasier, Guyett, Jones, and Woods. Additionally, Counts V and VI as against Defendants Baker, Anderson, Carter, Frasier, Guyett, Jones, and Woods are **DISMISSED WITH PREJUDICE**. Further, Plaintiff's § 1983 claims under Count VI for violations of due process and liberty

interest and violation of Plaintiff's freedom of speech and/or association are **DISMISSED WITH PREJUDICE**. In regards to Plaintiff's federal law claims being barred by the statute of limitations, Defendants' Motion to Dismiss (Doc. 29) is **DENIED**. The claims against Defendant Perry in his individual capacity are **DISMISSED**. To summarize, the remaining claims in this action are Count II and III as against Defendant Scherer, in her individual capacity, and race discrimination and equal protection claims under Count V and VI as against Defendant Scherer in her individual capacity, Defendant Perry in his official capacity, and Defendant LCSD.[6]

SO ORDERED this *22* day of July 2019.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[6] The Court reminds the parties that they must take the proper steps pursuant to Federal Rule of Civil Procedure 25 to effectuate substitution of Defendant Scherer in her individual capacity.